**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ERIC J. SUTULA,
               Appellant,

      v.

DEPARTMENT OF COMMERCE,
               Agency.

DOCKET NUMBER
DC-315H-22-0299-I-1

DATE: March 13, 2024


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John V. Berry</u>, Esquire, and <u>Melissa L. Watkins</u>, Esquire, Reston, Virginia,
    for the appellant.

<u>Christiann C. Burek</u>, Washington, D.C., for the agency.


**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member


**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. On petition for review, the appellant reasserts his argument from below that he was not subject to a probationary period. Petition for Review (PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The administrative judge correctly found that the appellant was subject to a probationary period pursuant to 5 C.F.R. § 315.801(a)(1), that he was terminated prior to the completion of that probationary period, and that he, therefore, was not an "employee" with Board appeal rights pursuant to 5 U.S.C. § 7511(a)(1). Initial Appeal File (IAF), Tab 7, Initial Decision (ID) at 5-9. She also appropriately found that the appellant failed to nonfrivolously allege a regulatory right to an appeal with the Board pursuant to 5 C.F.R. § 315.806(b). ID at 9-11. Thus, she found that the Board lacked jurisdiction to hear the appellant's probationary termination appeal. ID at 11. Absent jurisdiction, she correctly declined to consider the appellant's claims of harmful error and a due process violation, and his challenges to the agency's assessment of his performance, which served the basis of his termination. *Id.*; *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012). Based on our review of the record, we discern no basis to disturb these findings.

On review, the appellant argues, among other things, that the administrative judge's finding that he was subject to a probationary period pursuant to 5 C.F.R.

§ 315.801(a)(1) was in error. Under that section, the first year of service of an employee who received either a career-conditional or career appointment to the competitive service is a probationary period when the employee was appointed from a competitive list of eligibles. Because the administrative judge found that the appellant's appointment met the criteria of section 315.801(a)(1), she found that the appellant was subject to a probationary period. ID at 6-7. For the first time on review, the appellant asserts that he was hired under a Direct Hire Authority and not a competitive list of eligibles, and that the Direct Hire Authority under which he was hired eliminates consideration of, among other things, competitive rating and rankings. PFR File, Tab 1 at 10-12. Generally, the Board will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence that was not previously available despite the party's due diligence. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). However, because the appellant's argument concerns the question of jurisdiction, and jurisdiction is always before the Board, we consider it here. *See Lovoy v. Department of Health and Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003).

It is undisputed that the appellant was hired under a Direct Hire Authority. IAF, Tab 5 at 5, 20. Although that authority generally allows agencies to hire without regard to considerations such as veteran's preference, competitive rating and ranking, and the rule of three, the appellant has not pointed to any law, rule, or regulation mandating that an appointment under that authority may not be made after consideration of other eligible candidates. PFR File, Tab 1. Indeed, in the instant matter, the appellant was appointed after consideration was given to applicants identified on a certificate of eligibles. IAF, Tab 5 at 8, 13. Moreover, the appellant admits that he has no knowledge of how he was selected, and he does not deny that he was selected from a certificate of eligibles. PFR File, Tab 1 at 10-11. Although he argues that the "certificate of eligibles" referenced by the agency, IAF, Tab 5 at 13, is different from a "competitive list of eligibles" as

contemplated in 5 C.F.R. § 315.801(a)(1), PFR File, Tab 4 at 10, he does not cite to any authority defining either term. Absent any clearly expressed intent to the contrary, the plain meaning of the regulation controls. *See, e.g., Jones v. Office of Personnel Management*, 107 M.S.P.R. 115, ¶ 8 n.4 (2007). We construe the plain meaning of a "competitive list of eligibles" to be a certificate of eligibles that is generated by an agency following a vacancy announcement from which it will competitively review and select a candidate for appointment to the position. Given that the appellant was undisputedly selected from a certificate of eligibles following consideration from other competitive candidates, we conclude that he was "appointed from a competitive list of eligibles" as contemplated in 5 C.F.R. § 315.801(a)(1), despite the Direct Hire Authority utilized by the agency. We, therefore, agree with the administrative judge that the appellant was subject to a 1-year probationary period pursuant to 5 C.F.R. § 315.801(a)(1)[2] and that he was terminated prior to the completion of that probationary period.

Accordingly, we discern no basis to disturb the initial decision dismissing the appellant's probationary termination appeal for lack of jurisdiction.

### NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

[2] The appellant also argues for the first time on review that his February 16, 2021 appointment was a reinstatement, and thus, that he was not subject to a probationary period pursuant to 5 C.F.R. § 315.801(b)(2). PFR File, Tab 1 at 15-16. However, he has not provided any other details supporting his bare assertion that his appointment was a reinstatement. We find that his claim that his appointment to the competitive service position was "by definition, a reinstatement" is too broad, vague, and conclusory to constitute a nonfrivolous allegation that he was reinstated. *See* 5 C.F.R. § 1201.4(s).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        *Gina K. Grippando*
                            _____
                            Gina K. Grippando
                            Clerk of the Board

Washington, D.C.